Mark Malin (Bar No. 199757)
mmalin@deweyballantine.com
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303-2225
Tel: (650) 845-7000; Fax: (650) 845-7333

Shamita D. Etienne-Cummings (Bar No. 202090)
setienne@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Tel:  (650) 813-5000; Fax:  (650) 813-5100

Attorneys for Plaintiff and Counter Defendant MATSUSHITA
ELECTRIC INDUSTRIAL CO., LTD. and Counter Defendant
PANASONIC CORPORATION OF NORTH AMERICA

KEVIN P.B. JOHNSON (Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Tel:  (650) 801-5000; Fax:  (650) 801-5100

ADRIAN M. PRUETZ (Bar No. 118215)
adrianpruetz@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Tel:  (213) 443-3000; Fax:  (213) 443-3100

Attorneys for Defendant and Counterclaimant
MEDIATEK, INC., and Defendants OPPO DIGITAL, INC.,
and MSI COMPUTER CORP. (sued as Micro-Star
International Computer Corp.)

*(See signature page for list of additional counsel)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.,<br><br>            Plaintiff,<br><br>    vs.<br><br>MEDIATEK, INC., OPPO DIGITAL, INC., and MICRO-STAR INTERNATIONAL COMPUTER CORP.,<br>            Defendants. | CASE NO. 05-CV-3148-MMC<br><br>STIPULATED PROTECTIVE ORDER |

1  | MEDIATEK, INC.,

2  |           Counterclaimant,

3  |      vs.

4  | MATSUSHITA ELECTRIC INDUSTRIAL
   | CO., LTD. and PANASONIC
5  | CORPORATION OF NORTH AMERICA,

6  |           Counterdefendants.

7

8

9  WHEREAS, discovery in this action will require the disclosure of trade secrets or

10 other confidential research, development, or commercial information of both parties and of non-

parties from whom discovery may be sought;

11

12 WHEREAS, the parties have conferred in good faith and have agreed upon the

terms of a Stipulated Protective Order;

13

14 WHEREAS, the parties acknowledge that this Stipulated Protective Order does not

confer blanket protections on all disclosures or responses to discovery and that the protection it

15

16 affords extends only to the limited information or items that are entitled under the applicable legal

principles to treatment as confidential; and

17

18 WHEREAS, the parties further acknowledge that this Stipulated Protective Order

19 creates no entitlement to file confidential information under seal without approval by the Court;

therefore,

20

The parties stipulate, pursuant to Rule 26(c) of the <u>Federal Rules of Civil</u>

21

<u>Procedure</u>, subject to the approval of the Court, to the following Protective Order:

22

23

**1.      Scope of Protection**

24

1.1          This Stipulated Protective Order shall govern any record of information,

25

designated pursuant to paragraph 2 of this Stipulated Protective Order and produced in this action,

26

including, but not limited to, all designated deposition testimony, all designated testimony taken at

27

a hearing or other proceeding, interrogatory answers, responses to requests for admissions,

28

1  documents and other discovery materials, whether produced informally or in response to

2  interrogatories, requests for admission, requests for production of documents, or other formal

3  method of discovery, designated expert reports, designated memoranda of law, and tangible things

4  or objects that are designated pursuant to this Stipulated Protective Order.

5       1.2          This Stipulated Protective Order also governs any designated information

6  or documents produced in this action pursuant to required disclosures under any federal procedural

7  rule or Northern District of California local rule, and any supplementary disclosures thereto.

8       1.3          This Stipulated Protective Order shall apply to the parties and to any

9  nonparty from whom discovery is sought and who desires the protection of this Protective Order.

10

11  **2.**     **Designation.**

12       2.1          Each party shall have the right to designate as "Confidential" and subject

13  to this Stipulated Protective Order any information produced by it in this action that contains,

14  reflects, or otherwise discloses confidential technical, business, financial, or proprietary data or

15  information.  This designation shall be made by stamping or otherwise labeling each page or thing

16  containing Confidential information with the legend CONFIDENTIAL prior to its production or,

17  if inadvertently produced without such legend, by furnishing written notice to the receiving party

18  that the information shall be considered Confidential under this Stipulated Protective Order.  The

19  parties will use reasonable care to avoid designating any documents or information Confidential

20  that are generally available to the public.

21       2.2          Each party shall have the right to designate as "Attorney's Eyes Only"

22  any information produced in this action that contains, reflects or otherwise discloses trade secrets,

23  ongoing research and development, or competitively sensitive information.  Examples of such

24  information may include (i) licenses, (ii) sales, costs, margins, profitability and expenses with

25  respect to any product or process, (iii) marketing or business plans or strategies for existing or new

26  products or processes, including but not limited to competitive analyses, marketing strategies, and

27  proprietary marketing tools, (iv) detailed technical information such as product schematics, circuit

28

08929/1059949.1

- 2 -

diagrams, manufacturing information, or otherwise competitively sensitive technical information, or (v) RTL, sourcecode or microcode and the like.  These examples are not intended to be a comprehensive list of all documents or information that may qualify for such designation.  Similarly, listing these examples should not be construed as an admission or acknowledgment that such information or documents is discoverable.  This designation shall be made by stamping or otherwise labeling each page or thing containing Attorney's Eyes Only information with the legend ATTORNEY'S EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered Attorney's Eyes Only under this Stipulated Protective Order.  To the extent that material is marked Attorney's Eyes Only, such material shall be revealed to or used only by qualified outside counsel and experts as provided for in paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Stipulated Protective Order.  Any copies of Attorney's Eyes Only material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof shall also be deemed for Attorney's Eyes Only, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

2.3        With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated "Attorney's Eyes Only" from the time of the inspection until otherwise designated pursuant to this Stipulated Protective Order.

**3.        Limit On Use And Disclosure Of Designated Information.**

3.1        All recipients of Confidential or Attorney's Eyes Only information pursuant to this Stipulated Protective Order shall use any information or document governed by this Stipulated Protective Order only in connection with the prosecution or defense of this action,

08929/1059949.1

- 3 -

except by consent of the parties or order of the Court.  Recipients shall not use Confidential or Attorney's Eyes Only information for any business or competitive purposes.  The prosecution and defense of this action does not include prosecuting or overseeing the prosecution of patent applications, reissue applications, reexamination applications, interference proceedings or opposition proceedings.  No party or other person shall disclose or release to any person not authorized under this Stipulated Protective Order any information or document governed by this Stipulated Protective Order for any purpose, or to any person authorized under this Stipulated Protective Order for any other purpose.

3.2        Although it is understood that counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Confidential and Attorney's Eyes Only information received by the party – provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party – counsel receiving Confidential or Attorney's Eyes Only information under this Stipulated Protective Order will not in any way use such information to provide advice or opinions to in any way enable the prosecution of any patents or to otherwise attempt to secure valid patent claims (*e.g.*, reissue, reexamination, certificates of correction).

3.3        The attorneys of record for the parties and other persons receiving information governed by this Stipulated Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Stipulated Protective Order are (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

**4.        Disclosure Of Designated Information.**

4.1        Documents or information designated Confidential shall be disclosed by the recipient thereof only to:

a.                the attorneys who are actively involved in this action and who are partners or associates of the following law firms, which are counsel of record for the parties in this

08929/1059949.1

1    case or outside attorneys for the parties, and their authorized secretarial, clerical and legal assistant

2    staff:  (i) Dewey Ballantine LLP; (ii) Quinn Emanuel Urquhart Oliver & Hedges LLP; and (iii)

3    McDermott Will & Emery LLP;

4         b.                        up to three (3) Matsushita Electric Industrial Co., Ltd. and one (1)

5    Panasonic North America employees, in-house attorneys, or legal department or intellectual

6    property department personnel, each of whom is working on or has supervisory responsibility for

7    this matter.

8         c.                        up to three (3) MediaTek, Inc., one (1) Oppo Digital, Inc. and one

9    (1) MSI Computer Corp. employees, in-house attorneys, or legal department or intellectual

10   property department personnel, each of whom is working on or has supervisory responsibility for

11   this matter.

12        d.                        the Court and Court personnel;

13        e.                        consultants or experts and their staffs retained by the parties or their

14   attorneys for purposes of this action, subject to the procedures of paragraph 6, who are not

15   employees or otherwise affiliated with any of the parties;

16        f.                        court reporters employed in connection with this action; and

17        g.                        outside copying and computer services necessary for document

18   handling, and other litigation support personnel (e.g., graphic designers, animators, and document

19   imaging and database service consultants);

20        h.                        jury consultants and mock jurors, provided that all mock jurors

21   agree not to discuss or disclose any Confidential information outside the context of the mock jury

22   exercises, and that no materials bearing confidential information are left in the possession of the

23   mock jurors after conclusion of the mock jury exercises;

24        i.                        professional translators and interpreters who are retained by the

25   attorneys for the parties for the purposes of this litigation;

26        j.                        witnesses in these actions who are directors, officers, employees, or

27   experts of the designating party, but only at deposition or trial; and

28

k.              others to whom the producing party has given written consent.

4.2              Documents or information designated Attorney's Eyes Only shall be disclosed only to those categories of individuals listed in paragraph 4.1, excluding paragraphs 4.1(b) and 4.1(c).

4.3              No party shall disclose any Confidential or Attorney's Eyes Only information to any lawyer, patent agent, or other person who currently writes or prosecutes patent applications relating to the products or technologies at issue in this Action, or who reviews, provides input, or has responsibility for overseeing the drafting of such patent applications for each party.  This prosecution bar from access to Confidential and Attorney's Eyes Only information shall (1) apply to the prosecution of patents for a party or affiliates thereof and (2) remain in effect during the pendency of this action and for one year after the conclusion thereof, including appeals.

4.4              No disclosure of Confidential information shall be made to persons in paragraphs 4.1(b) or 4.1(c), unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Stipulated Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on the producing party.  The provisions of paragraph 6 must be followed prior to any disclosure of Confidential information to such individuals.

4.5              No disclosure of Confidential or Attorney's Eyes Only information shall be made to persons in paragraph 4.1(e), unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Stipulated Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on the producing party.  Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking pursuant to paragraph 4.1(e).  In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Confidential or Attorney's Eyes Only information to such individuals or their staff.

1    4.6        Anyone who receives Attorney's Eyes Only information or Confidential

2  information shall not write or prosecute any patent applications for a period of one year following

3  final termination of this action, including appeals.

4    4.7        If a party intends to reveal the Confidential information or Attorney's

5  Eyes Only information of another party or a non-party during a trial, court appearance or hearing

6  which is open to the public (a "Court Disclosure"), the party seeking to make the Court Disclosure

7  shall notify the Court just prior to disclosure to address appropriate procedures for doing so.  In

8  addition to the procedures imposed by paragraph 4.6(a), if a party intends to make a Court

9  Disclosure relating to Attorney's Eyes Only information of a non-party, the party seeking to do so

10  shall give at least 5 days written notice to the non-party.  This written notice shall specifically

11  identify the information the party intends to use.

12

13    **5.        Withholding and Redaction.**

14    5.1        Counsel for a party producing documents may withhold documents or

15  mask ("redact") material deemed exempt from discovery because such documents or material are

16  protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R.

17  Civ. P. 26(b).  For withheld documents: the document withheld, along with the protection claimed

18  for the document and the basis for the protection, shall be reported on a log consistent with Fed. R.

19  Civ. P. 26(b)(5).  For redacted documents: (i) the produced document must identify the area where

20  redaction has occurred; and (ii) the identity of the redacted document, the protection claimed for

21  the redacted portions, and the basis for the protection shall be reported on a log to be provided

22  within ninety (90) calendar days after the production of the redacted document.  In all cases,

23  sufficient information must be provided to enable the other party to evaluate the legitimacy of the

24  asserted privilege or immunity.

25    5.2        Counsel for a party producing documents need not list in any such log or

26  produce any documents created after the start of the present litigation that reflect attorney-client

27

28

08929/1059949.1

- 7 -

1   communications related to the present litigation or contain work product related to the present

2   litigation.

3       5.3         Additionally, counsel for a party producing documents need not list in

4   any such log or produce any documents created in anticipation of and related solely to the present

5   litigation.

6

7       **6.    Identification Of Experts, In-House Attorneys, and Employees.**

8       6.1         If any party desires to disclose information designated Confidential or

9   Attorney's Eyes Only to any expert or consultant pursuant to paragraph 4.1(e) above, it must first

10  identify in writing to the attorneys for the producing party each such expert or consultant.  Such

11  identification shall include (i) the full name and professional address and/or affiliation of the

12  proposed expert or consultant and (ii) an up-to-date *curriculum vitae* identifying at least all other

13  present employment; prior employment in the field over the past four years; and a list of all

14  litigation matters in which the expert or consultant has been deposed or testified at trial over the

15  past four years.

16      6.2         If any party desires to disclose information designated Confidential to

17  any employee, in-house attorney, or legal department or intellectual property department

18  personnel pursuant to paragraphs 4.1(b) or 4.1(c) above, it must first identify in writing to the

19  attorneys for the producing party each such person.  Such identification shall include the full

20  name, work address, title, and a description of such person's duties sufficient to assess the

21  likelihood of unauthorized disclosure of protected information.

22      6.3         The producing party shall have seven (7) business days from receipt of

23  such notice to object to disclosure of such information to people identified pursuant to paragraphs

24  6.1 or 6.2.  Objections shall not be made except where the objecting party has a good faith belief

25  that it will be harmed by the disclosure of the party's information.  Any objection made to an

26  opposing party shall state in detail the basis for the objection and (i) identify the objecting party's

27  Confidential or Attorney's Eyes Only information that underlies the objection; (ii) identify how

28

the party believes such information may be used to its harm; and (iii) state why the objecting party believes the protections already afforded by this Stipulated Protective Order would be inadequate to prevent the anticipated harm such that the objection is warranted.

6.4     The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure within five (5) business days after the parties' attempts at informal resolution have concluded.  If any such motion is made, the objecting party shall bear the burden of proof.  If no such motion is made within said five (5) business day period, the consultant, expert, employee, in-house attorney or legal department or intellectual property department personnel shall be permitted to receive Confidential or Attorney's Eyes Only information pursuant to the terms of this Stipulated Protective Order.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert, consultant, employee, in-house attorney or legal department or intellectual property department personnel shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

**7.     Related Documents.**

Information designated Confidential or Attorney's Eyes Only shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) deposition testimony designated in accordance with paragraph 8.

**8.     Designation Of Transcripts.**

8.1     Deposition transcripts, or portions thereof, may be designated as subject to this Stipulated Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within fourteen (14)

08929/1059949.1

Case No. 05-CV-3148-MMC
STIP. PROTECTIVE ORDER

1   business days after receipt of the official transcript of the deposition by providing written notice to

2   the reporter and all counsel of record, in which case all counsel receiving such notice shall mark

3   the copies or portions of the designated transcript in their possession or under their control as

4   directed by the designating party.  All deposition transcripts not previously designated shall be

5   deemed to be, and shall be treated as, Attorney's Eyes Only for a period of fourteen (14) business

6   days after receipt of the official transcript of the deposition.

7        8.2              The designating party shall have the right to exclude from a deposition,

8   before the taking of testimony which the designating party designates Confidential or Attorney's

9   Eyes Only and subject to this Stipulated Protective Order, all persons other than those persons

10  previously qualified to receive such information pursuant to paragraph 4.  The failure of such

11  persons to leave a deposition whenever such a request is made under this paragraph shall justify

12  counsel to instruct the witness that he or she shall not answer the question, if the counsel has a

13  reasonable belief that the answer would disclose Confidential or Attorney's Eyes Only

14  information.

15       8.3              At any Court hearing or proceeding, no party is prevented by this

16  Stipulated Protective Order from moving the Court to close the hearing and designate all or

17  portions of the transcript as Confidential or Attorney's Eyes Only information.

18

19       **9.     Disclosure To Author Or Recipient.**

20       Notwithstanding any other provisions of this Stipulated Protective Order, nothing herein

21  shall prohibit counsel for a party from disclosing a document containing information designated

22  Confidential or Attorney's Eyes Only to any current employee of the producing party, or to any

23  person that the document clearly identifies as an author, addressee, or recipient of such document

24  or who can be shown by appropriate foundation (without disclosing the contents of the document)

25  would have received, seen, been in possession of, or had access to the particular document or the

26  confidential information contained in the document.  Regardless of the designation pursuant to this

27  Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged

28

08929/1059949.1

Case No. 05-CV-3148-MMC
STIP. PROTECTIVE ORDER

1   conduct or statements of a person who is a potential witness, counsel may discuss the subject

2   matter of such conduct or statements with such witness without revealing any portion of the

3   contents of the document or testimony, and such discussion shall not constitute disclosure in

4   violation of this Stipulated Protective Order.

5

6      **10.    Designation or Documents Under Seal.**

7      10.1          Any party may seek leave of the Court to file information designated

8   Confidential or Attorney's Eyes Only under seal pursuant to Local Rule 79-5.  The party filing any

9   paper which reflects, contains or includes any party's Confidential or Attorney's Eyes Only

10   information subject to this Stipulated Protective Order shall file such paper in a sealed envelope,

11   or other appropriately sealed container, with a statement substantially in the following form:

12                    **DOCUMENT SUBMITTED UNDER SEAL**

13          **This envelope contains documents subject to a Protective Order of the**

14          **Court dated _____.  It should be opened only by the**

15          **Court. Its contents should not be disclosed, revealed or made public**

16          **except in accordance with the terms of said Order or upon further**

17          **order of the Court or written agreement of the parties.**

18      10.2          If any party fails to file documents or things containing Confidential or

19   Attorney's Eyes Only under seal, the designating party or any party to this action may request,

20   within 30 days of the filing of said designated materials, that the Court place the designated

21   materials under seal.  The Clerk of the Court is directed to comply with such request if made.

22

23      **11.    Challenge To Confidentiality.**

24      11.1          Each party or non-party that designates information or items for

25   protection under this Stipulated Protective Order must take care to limit any such designations to

26   specific material that qualifies under the appropriate standards.  A designating party must take care

27   to designate for protection only those parts of materials, documents, items, or oral or written

28

communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify at the level of protection initially asserted, the designating party shall promptly notify all other parties that it is withdrawing the mistaken designation.

11.2        This Stipulated Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Stipulated Protective Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulated Protective Order, or (c) applying for a further order modifying this Stipulated Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

11.3        On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, Confidential or Attorney's Eyes Only information.  If a party seeks de-designation of particular items the following procedure shall be utilized:

a.            The party seeking such de-designation shall give counsel of record for the other party written notice thereof by facsimile specifying the designated information as to which such removal is sought and the reasons for the request; and

b.            If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed.

08929/1059949.1

Case No. 05-CV-3148-MMC
STIP. PROTECTIVE ORDER

1

2        **12.    Prior Or Public Knowledge.**

3            This Stipulated Protective Order shall not apply to information that, prior to disclosure, is

4    public knowledge, and the restrictions contained in this Stipulated Protective Order shall not apply

5    to information that is, or after disclosure becomes, public, was in the possession of the party to

6    whom disclosure is made prior to disclosure, or is public knowledge other than by an act or

7    omission of the party to whom such disclosure is made, or that is legitimately and independently

8    acquired from a source not subject to this Stipulated Protective Order.

9

10        **13.    Limitation Of Stipulated Protective Order.**

11           This Stipulated Protective Order is not intended to address discovery objections to

12    produce, answer, or respond on the grounds of attorney-client privilege or work product immunity,

13    or to preclude any party from seeking further relief or protective orders from the Court as may be

14    appropriate under the Federal Rules of Civil Procedure.

15

16        **14.    Other Proceedings.**

17           14.1            By entering this Stipulated Protective Order and limiting the disclosure of

18    information in this case, the Court does not intend to preclude another court from finding that

19    information may be relevant and subject to disclosure in another case.  Any person or party subject

20    to this Stipulated Protective Order who may be subject to a motion to disclose another party's

21    Confidential or Attorney's Eyes Only information pursuant to this Stipulated Protective Order

22    shall notify the producing party of the motion, in writing by facsimile, within three business days

23    after receipt of the motion, and provide that party with a copy of the motion so that it may have an

24    opportunity to appear and be heard on whether such information should be disclosed.  The person

25    or party who may be subject to a motion to disclose another party's Confidential or Attorney's

26    Eyes Only information shall also promptly inform in writing the person who made the motion that

27

28

1   some or all of the material covered by the motion is the subject of this Stipulated Protective Order,

2   and shall deliver a copy of this Stipulated Protective Order to the moving party.

3         14.2      Furthermore, any person or party subject to this Stipulated Protective

4   Order who is subject to a subpoena to disclose another party's Confidential or Attorney's Eyes

5   Only information shall notify the producing party of the existence of the subpoena, in writing by

6   facsimile, within three business days after receipt of the subpoena, and provide that party with a

7   copy of the subpoena so that the party may have an opportunity to appear and be heard on whether

8   such information should be disclosed.  The person or party who is subject to a subpoena to

9   disclose another party's Confidential or Attorney's Eyes Only information shall also promptly

10  inform in writing the person who issued the subpoena that some or all of the material covered by

11  the subpoena is the subject of this Stipulated Protective Order, and shall deliver a copy of this

12  Stipulated Protective Order to the person issuing the subpoena.

13        14.3      The purpose of imposing duties pursuant to paragraphs 14.1 and 14.2 is

14  to alert the interested parties to the existence of this Stipulated Protective Order and to afford the

15  designating party in this case an opportunity to try to protect its confidentiality interests in the

16  court from which the subpoena or order issued.  The designating party shall bear the burdens and

17  the expenses of seeking protection in that court of its confidential information.  Nothing in these

18  provisions should be construed as authorizing or encouraging a receiving party in this action to

19  disobey a lawful directive from another court.

20

21      **15.**    **Inadvertent Disclosure Of Work Product Or Privileged Information:**

22              **Procedure and Waiver.**

23        15.1      The producing party shall promptly notify the receiving party in writing

24  in the event of an inadvertent production of documents subject to work product immunity or the

25  attorney-client privilege after the producing party learns of such inadvertent production.  Upon

26  being notified by the producing party pursuant to this paragraph, counsel for the non-producing

27  party shall use his or her best efforts to retrieve all copies of the documents at issue.  The receiving

28

1   party shall return or destroy all copies of such documents within three (3) business days of such

2   notice and certify such return or destruction in writing to the producing party.  Return of the

3   document by the receiving party shall not constitute an admission or concession, or permit any

4   inference, that the returned document is, in fact, properly subject to a claim of attorney-client

5   privilege or work product immunity.  Within three (3) business days of such certification, the

6   producing party shall provide a privilege log that provides the basis upon which protection is

7   claimed for the returned document.  The receiving party shall not be in violation of this Stipulated

8   Protective Order for disclosures made prior to receipt of notification.

9          15.2          Within three (3) business days after production of the privilege log, the

10  parties shall confer to determine whether the receiving party challenges the inadvertence of the

11  production or claims waiver of the privilege or immunity.  If, after conferring, the parties are

12  unable to reach a satisfactory agreement, the receiving party may move the Court regarding the

13  matter within fifteen (15) business days.  The fact or circumstances of such inadvertent production

14  shall in no way be relied upon as a ground to support any argument that the information is no

15  longer subject to the privilege or immunity.  Nor shall such inadvertent production prejudice or

16  otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity

17  or other ground for withholding production to which the designating party or other person

18  otherwise would be entitled.

19         15.3          No receiving party shall disclose or make any use of any information in

20  the document for which the claim of immunity or privilege is being made, except as provided in

21  paragraph 12, to any person, without leave of the Court.

22

23         **16.    Inadvertent Failures to Designate.**

24         If timely corrected, an inadvertent failure to designate qualified information or items as

25  Confidential or Attorney's Eyes Only does not, standing alone, waive the designating party's right

26  to secure protection under this Stipulated Protective Order for such material.  If material is

27  appropriately designated Confidential or Attorney's Eyes Only after the material was initially

28

1   produced, the receiving party, upon timely notice of the designation, must make reasonable efforts

2   to recover and return the privileged material, and assure that the materials are treated in

3   accordance with the provisions of this Stipulated Protective Order thereafter.

4

5   **17.     Limits on Expert Discovery**

6       17.1                A testifying expert's draft reports, notes, outlines, and any other writings

7   leading up to his final report(s) in this case are exempt from discovery.  In addition, all

8   communications with, and all materials generated by, a testifying expert with respect to his work

9   on this case are exempt from discovery unless relied upon by the expert in forming his opinions.

10  The expert must produce his final report and all materials on which he relied.  No documents

11  exempt from discovery pursuant to this paragraph must be retained by the testifying expert.

12      17.2                Paragraph 17.1 shall not apply to the results of any studies or tests, or any

13  information of which the expert is aware, that is contrary to the conclusions reached in the report

14  or that is contrary to the information relied on in the report.  Such test results or information must

15  be produced.

16

17  **18.     Unauthorized Disclosure of Protected Material.**

18      If a party who receives material designated as Confidential or Attorney's Eyes Only learns

19  that, by inadvertence or otherwise, it has disclosed such material to any person or in any

20  circumstance not authorized by this Stipulated Protective Order, that party must immediately (1)

21  notify in writing the producing party of the unauthorized disclosures; (2) use best efforts to

22  retrieve all copies of the protected material; (3) inform the person or persons to whom

23  unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (4)

24  request such person or persons to execute the Confidentiality Undertaking attached hereto as

25  Exhibit A.

26

27

28

19.   **Non-Party Material.**

The terms of this Stipulated Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to Confidential or Attorney's Eyes Only information provided by a non-party.  Information provided by a non-party in connection with this action and designated Confidential or Attorney's Eyes Only, pursuant to the terms of this Order shall be protected by the remedies and relief provided by this Order.

20.   **Return Of Designated Information.**

Within sixty (60) calendar days of the final termination of this action by unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated Confidential or Attorney's Eyes Only, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications and (b) archive copies of pleadings, motion papers, deposition, hearing and trial transcripts, correspondence, expert reports, and written discovery responses may be retained by counsel.  As to electronic reports, summaries, databases or other documents that simply summarize or collect information from documents designated Confidential or Attorney's Eyes Only, but do not contain other attorney work product or attorney-client communications, the receiving party shall delete all such electronic information.

21.   **Waiver Or Termination Of Stipulated Protective Order.**

No part of the restrictions imposed by this Stipulated Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

1

2      **22.     Modification Of Stipulated Protective Order; Prior Agreements.**

3          This Stipulated Protective Order may be modified, and any matter related to it may be

4   resolved, by written stipulation of the parties without further Order of the Court.  This Stipulated

5   Protective Order supersedes any agreements between the parties regarding the confidentiality of

6   particular information entered into before the date of this Stipulated Protective Order.

7

8

9

10

11     **23.     Section Captions.**

12         The title captions for each section of this Stipulated Protective Order are for convenience

13  only and are not intended to affect or alter the text of the sections or the substance of the Order.

14

15  Dated: _____April 13, 2006_____

16  DEWEY BALLANTINE LLP                        QUINN EMANUEL URQUHART
                                                     OLIVER & HEDGES, LLP
17

18  _____/S/_____              _____/S/_____
            Mark Malin                                  Eric Huang
19

20  Jeffrey L. Kessler (*Pro Hac Vice*)           Adrian M. Pruetz (Bar No. 118215)
      jkessler@deweyballantine.com                  adrianpruetz@quinnemanuel.com
21  Aldo A. Badini (*Pro Hac Vice*)              Eugene T. Chen (Bar No. 202255)
      abadini@deweyballantine.com                   eugenechen@quinnemanuel.com
22  Lisa B. Deutsch (*Pro Hac Vice*)            QUINN EMANUEL URQUHART
      ldeutsch@deweyballantine.com                   OLIVER & HEDGES, LLP
23  DEWEY BALLANTINE LLP                        865 South Figueroa Street, 10th Floor
24  1301 Avenue of the Americas                 Los Angeles, CA 90017-2543
    New York, New York 10019-6092               Tel.:  (213) 443-3000; Fax: (213) 443-3100
25  Tel:  (212) 259-8000; Fax:  (212) 259-6333
                                                 Eric Huang (*pro hac vice*)
26                                                 erichuang@quinnemanuel.com
    Anthony W. Shaw (*Pro Hac Vice*)            QUINN EMANUEL URQUHART
27    ashaw@deweyballantine.com                      OLIVER & HEDGES, LLP
    DEWEY BALLANTINE LLP                        335 Madison Avenue, 17th Floor
28  1775 Pennsylvania Avenue, N.W.              New York, New York, 10017-4611
                                                 Tel.: (212) 849-7000; Fax: (212) 849-7100

1   Washington, D.C. 20006
    Tel:  (202) 862-1000; Fax:  (202) 862-1093        Attorneys for Defendant and Counterclaimant
2                                                      MEDIATEK, INC. and Defendants OPPO
    Jack Q. Lever (*Pro Hac Vice*)                     DIGITAL, INC., and MSI COMPUTER
3     jlever@mwe.com                                   CORP.
    McDERMOTT WILL & EMERY LLP
4   600 13th Street, N.W., 12th Floor
    Washington, D.C. 20005-3096
5   Tel:  (202) 756-8000; Fax:  (202) 756-8087

6   David M. Stein (Bar No. 198256)
      dstein@mwe.com
7   Jennifer L. Yokoyama (Bar No. 210387)
      jyokoyama@mwe.com
8   McDERMOTT WILL & EMERY LLP
    18191 Von Karman Avenue, Suite 500
9   Irvine, CA 92612-7107
    Tel: (949) 851.0633; Fax:  (949) 851-9348
10

11
    Attorneys for Plaintiff and Counter Defendant
12  MATSUSHITA ELECTRIC INDUSTRIAL
    CO., LTD. and Counter Defendants
13  PANASONIC CORPORATION OF NORTH
    AMERICA
14

15

16

17

18

19

20  **IT IS SO ORDERED.**

21

22  Dated: April 18, 2006

23                                                     MAXINE M. CHESNEY
                                                       UNITED STATES DISTRICT JUDGE
24

25

26

27

28

08929/1059949.1