United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br>Plaintiff(s), <br><br>v. <br><br>MEDIATEK, INC., ET AL., <br><br>Defendant(s). | Case No. C-05-3148 MMC (JCS) <br><br>**ORDER RE PENDING DISCOVERY MOTIONS [Docket Nos. 382/492, 396/463, 413/477, 386, 373/482, 421/460]** |

The Court has received correspondence dated March 9, 2007, from counsel for the parties [Docket No. 546] containing their resolutions of the above-referenced matters, with the exception of the issues that the parties believe are unresolved. Accordingly, good cause appearing, IT IS HEREBY ORDERED as follows:

1. Matsushita's Motion to Compel MediaTek to Produce Certain Documents Related to the Technical Operation of the Accused MediaTek Products [Docket Nos. 382 and 492] is DENIED as moot.

2. Matsushita's Motion to Compel Production of Documents Relating to ITC '506 Investigation and Sales in the United States of Products Incorporating MediaTek Chips [Docket Nos. 396 and 463] is DENIED as moot.

3. Matsushita's Motion to Compel Defendants to Identify Payer of OPPO's and MSI's Legal Fees and Produce Related Evidence [Docket Nos. 413 and 477] is DENIED as moot.

4. Matsushita's Motion to Compel a Further Response to Panasonic's Interrogatory No. 16 [Docket No. 386] is DENIED as moot.

5. Matsushita's Motion to Compel MediaTek, Inc. to Produce Additional Corporate Witnesses [Docket No. 373 and 482] is DENIED as moot, provided, however, that if the parties do not finally resolve the matter, as reflected in the March 9, 2007, correspondence, then this issue may be re-raised with the Court by joint letter.

6. MediaTek's February 13, 2007 Motion to Compel [Docket Nos. 421 and 460] is DENIED as moot except as follows: Matsushita is ORDERED to immediately produce documents related to the negotiation of licenses of, and licensing of, the Matsushita patents-in-suit with any third party including, but not limited to, Texas Instruments, and to produce a corporate witness to testify regarding negotiations and later-produced license agreements related to the Matsushita patents-in-suit **not later than April 6, 2007**.

7. The parties have also raised a question regarding expert scheduling in the March 9, 2007 correspondence. Good cause appearing, the Court hereby ORDERS that experts Charles Donohoe and Brian Dragun, experts retained by MediaTek, shall each sit for not more than two (2) days of depositions.

8. In addition, the Court reserves ruling on the two documents submitted by Matsushita in camera for a determination of claim of privilege and work product pursuant to this Court's order of February 26, 2007.

IT IS SO ORDERED.

Dated: March 13, 2007

_____
JOSEPH C. SPERO
United States Magistrate Judge