United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br> MEDIATEK, INC., et al., <br><br> Defendants <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants <br> _____/ | No. C 05-3148 MMC <br><br> **ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL** |

Before the Court is defendants' "Unopposed Administrative Motion Pursuant to Local Rules 7-11 and 79-5(b) to File Confidential Documents Under Seal," filed April 9, 2007, by which defendants seek leave to file under seal an unredacted version of seven declarations offered in support of their motion for summary judgment and 39 exhibits offered in support of the motion.

"A sealing order may issue only upon a request that establishes that the document,

or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. "A stipulation . . . will not suffice to allow the filing of documents under seal." Id.

Having reviewed the Declaration of Eugene Chen ("Chen") offered in support of the instant administrative motion, the Court finds good cause exists to GRANT the motion in part, specifically, to grant the motion as it pertains to the eight documents identified below. Accordingly, the Clerk is hereby DIRECTED to file under seal unredacted versions of the following eight documents:

1. Declaration of Ahmad R. S. Bahai;
2. Exhibit D to the Declaration of Ahmad R. S. Bahai;
3. Exhibit G to the Declaration of Ahmad R. S. Bahai;
4. Declaration of Chwei Hung Chang, including Exhibit B thereto;
5. Declaration of Che Hsiang Hsu, including Exhibit A thereto;
6. Declaration of Lee Soon Peng;
7. Declaration of Chao Chun Twu, including Exhibits A, B, and C thereto; and
8. Exhibit 9 to the Declaration of Steven Wasserman.

To the extent defendants' motion requests leave to file additional documents under seal, the Court hereby DEFERS ruling on said motion, as follows:

1. Defendants have failed to show good cause exists to file under seal in its entirety the declaration of Jeffrey Bokor. Although portions of the declaration, arguably, may contain information that is sealable, (see, e.g., Bokor Decl. ¶ 63), it is clear from a review of the declaration that the vast majority of said declaration consists of material that cannot be characterized as confidential. (See, e.g., Bokor Decl. ¶¶ 2-8 (discussing declarant's educational and professional background); id. ¶¶ 9-14 (discussing information pertaining generally to semiconductor manufacturing processes); id. ¶ 26-27 (discussing matter publicly disclosed in patent); id. ¶ 41 (discussing how person skilled in art would understand terms in patent); id. ¶ 84 (discussing compensation provided to declarant by

defendant MediaTek, Inc).[1]  Defendants are, however, afforded leave to do the following, no later than April 20, 2007:  (1) publicly file a redacted version of said declaration that contains the portions thereof not subject to sealing; and (2) submit for sealing the unredacted version of said declaration, along with a supplemental declaration setting forth the reason(s) why any portions of said declaration are "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  See Civil L.R. 79-5(a).  If defendants, as of April 20, 2007, fail to make a sufficient showing, the motion will be denied as to said declaration, and the Clerk will be directed to follow the procedure set forth in Civil Local Rule 79-5(e).

      2.  Defendants have failed to show good cause exists to file under seal Exhibits 6, 7, and 89 to the Bokor Declaration, because such documents appear to consist entirely of material publicly available from the Patent and Trademark Office.  Defendants are, however, afforded leave to file, no later than April 20, 2007, a supplemental declaration setting forth the reason(s) why such exhibits are, in spite of their apparent public nature, "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  See Civil L.R. 79-5(a).  If defendants, as of April 20, 2007, fail to make a sufficient showing as to one or more of the exhibits in question, the motion will be denied as to each such exhibit as to which such insufficient showing has been made, and the Clerk will be directed to follow the procedure set forth in Civil Local Rule 79-5(e).

      3.  Defendants have failed to show good cause exists to file under seal in its entirety the declaration of Steven Wasserman.  Again, while portions of said declaration, arguably, may contain information that is sealable, (see, e.g., Wasserman Decl. ¶ 39), it is clear from a review of the declaration that the vast majority of said declaration consists of material that cannot be characterized as confidential.  (See, e.g., Wasserman Decl. ¶¶ 1-2 (identifying patents in which declarant is named as inventor and discussing declarant's work history); id. ¶ 4 (discussing information contained in press release); id. ¶¶ 8-13 (generally discussing

---

[1] These examples are illustrative, and in no means intended as an exhaustive listing of the material that plainly is not confidential.

3

1  "MPEG" standards); id. ¶ 16 (discussing material in prosecution history); id. ¶ 19
2  (discussing background of person of ordinary skill in art); id. ¶ 25 (quoting and/or
3  paraphrasing terms in patent).[2]  Defendants are, however, afforded leave to do the
4  following, no later than April 20, 2007: (1) publicly file a redacted version of said declaration
5  that contains the portions thereof not subject to sealing; and (2) submit for sealing the
6  unredacted version of said declaration, along with a supplemental declaration setting forth
7  the reason(s) why any portions of said declaration are "privileged or protectable as a trade
8  secret or otherwise entitled to protection under the law."  See Civil L.R. 79-5(a).  If
9  defendants, as of April 20, 2007, fail to make a sufficient showing, the motion will be denied
10 as to said declaration, and the Clerk will be directed to follow the procedure set forth in Civil
11 Local Rule 79-5(e).

12      4.  Because defendants represent that Exhibit 6 to the Wasserman Declaration has
13 been designated confidential by plaintiff, the Court will defer ruling on the request to file
14 such exhibit under seal until after April 13, 2007, the date by which plaintiff is required to
15 submit a declaration establishing that such exhibit, either in its entirety or in part, is
16 sealable.  See Civil L.R. 79-5(d).

17      5.  Defendants have failed to show good cause exists to file under seal Exhibits 7
18 and 11 to the Wasserman Declaration.  Although Chen declares that each such exhibit
19 contains "confidential" material, (see Chen Decl. ¶ 2(g)), Chen fails to provide any
20 explanation in support of such assertion.  Further, the Court has reviewed the documents in
21 question, and the basis for such conclusion is not readily apparent therefrom.  Specifically,
22 Exhibit 7 consists of excerpts from a deposition, in which the deponent testifies, at least in
23 part, as to material plainly not confidential, (see, e.g., Wasserman Decl. Ex. 7 at 9:4-10:12
24 (providing testimony "at a general level" as to nature of "MPEG" standard), while Exhibit 11,
25 described by Chen as a "flowchart of the '475 Patent," appears to be based entirely on
26 information contained in the patent.  Defendants are, however, afforded leave to do the

---

[2] Again, these examples are illustrative, and not intended as an exhaustive listing of the material contained plainly is not confidential.

4

1 following, no later than April 20, 2007: (1) publicly file a redacted version of said exhibits
2 that contains the portions thereof not subject to sealing; and
3 (2) submit for sealing the unredacted version of said exhibits, along with a supplemental
4 declaration setting forth the reason(s) why any portions of said declaration are "privileged
5 or protectable as a trade secret or otherwise entitled to protection under the law." See Civil
6 L.R. 79-5(a). If defendants, as of April 20, 2007, fail to make a sufficient showing as to one
7 or both of the exhibits in question, the motion will be denied as to each such exhibit as to
8 which such insufficient showing has been made, and the Clerk will be directed to follow the
9 procedure set forth in Civil Local Rule 79-5(e).

      6. Defendants have failed to show good cause exists to file under seal Exhibits 1-18, 21, 23, 24, 26, 28, 31 and 32 to the Declaration of Brian C. Cannon. Although Chen declares that said exhibits contain "confidential information related to defendants' business and technology," (see Chen Decl. ¶ 2(h)), Chen fails to provide any explanation in support of such assertion. Further, the Court has reviewed the first two such exhibits, and the basis for Chen's conclusion is not readily apparent therefrom.[3] Specifically, the first two exhibits consist of excerpts of deposition testimony, and such excerpts consist of at least some material that plainly is not confidential. (See, e.g., Cannon Decl. Ex. 1 at 63:7-22 (providing testimony as to general definition of "market share"); id. Ex. 2 at 147:24 - 148:6 (providing testimony as to whether deponent is familiar with term of art "single ended voltage signal").) Defendants are, however, afforded leave to do the following, no later than April 20, 2007: (1) publicly file a redacted version of said exhibits that contains the portions thereof not subject to sealing; and (2) submit for sealing the unredacted version of said exhibits, along with a supplemental declaration setting forth the reason(s) why any portions of said declaration are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). If defendants, as of April 20, 2007, fail to

---

[3]The Court declines to conduct an independent review of the other 23 exhibits to determine whether there may exist an obvious reason why the entirety of each such exhibit is confidential in nature. Rather, it is defendants' obligation to set forth a basis to support the conclusion that the entirety of each such exhibit is confidential.

1   make a sufficient showing as to one or more of the exhibits in question, the motion will be
2   denied as to each such exhibit as to which such insufficient showing has been made, and
3   the Clerk will be directed to follow the procedure set forth in Civil Local Rule 79-5(e).[4]

4         7. Although not expressly requested in their motion to file documents under seal,
5   defendants have submitted for filing under seal an unredacted version of their motion for
6   summary judgment.  The apparent basis for such request is that the motion references
7   some of the evidence defendants are seeking leave to file under seal.  In light of the Court's
8   having deferred ruling on the majority of defendants' requests to seal documents in support
9   of defendants' motion for summary judgment, the Court likewise defers ruling on
10  defendants' request to file under seal an unredacted version of the motion itself.

11  **IT IS SO ORDERED**.

13  Dated: April 13, 2007

14                                        MAXINE M. CHESNEY
                                          United States District Judge

---

[4] In his declaration, Chen also states that "the exhibits" contain material designated by "other parties" as "confidential."  (See Chen Decl. ¶ 2(h)).  To the extent any or all of the exhibits attached to the Cannon Declaration have been designated as confidential by plaintiff, defendants need only state such fact in a supplemental declaration, after which plaintiff, within five days, in order to avoid the exhibits' being filed in the public record, must file a declaration that establishes the grounds for filing each such exhibit under seal.  See Civil L.R. 79-5(d).