IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.,<br><br>    Plaintiff,<br>  v.<br>MEDIATEK, INC., et al.,<br><br>    Defendants<br>_____<br>MEDIATEK, INC,<br><br>    Counterclaimant,<br>  v.<br>MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al.<br><br>    Counterclaim Defendants<br>_____/ | No. C 05-3148 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; ORDERING PLAINTIFF TO FILE IN PUBLIC RECORD PORTIONS OF TWO EXHIBITS** |

    Before the Court is the "Supplemental Declaration of Keith P. Gray in Support of Plaintiff and Counterclaim Defendant Matsushita Electric Industrial Co., Ltd.'s Unopposed Motion for Administrative Relief to File Documents Under Seal," filed April 18, 2007, as a supplement to plaintiff's "Unopposed Motion for Administrative Relief to File Documents Under Seal," filed April 6, 2007.

    "A sealing order may issue only upon a request that establishes that the document,

or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id.

Having reviewed the Supplemental Declaration of Keith P. Gray, the Court finds good cause exists to GRANT the motion in part, specifically, to the extent it pertains to the eight documents identified below. Accordingly, the Clerk is hereby DIRECTED to file under seal unredacted versions of the following eight documents:

1. Exhibit 16 to the Declaration of Aldo A. Badini;
2. Exhibit 17 to the Declaration of Aldo A. Badini;
3. Exhibit 40 to the Declaration of Aldo A. Badini;
4. Exhibit 51 to the Declaration of Aldo A. Badini;
5. Declaration of Walter G. Rudd;
6. Exhibit B to the Declaration of Walter G. Rudd;
7. Exhibit 81 to the Declaration of Tyler J. Woods; and
8. Exhibit 82 to Declaration of Tyler J. Woods.

With respect to two of the above-referenced documents, however, specifically, Exhibit B to the Declaration of Walter G. Rudd and Exhibit 81 to the Declaration of Tyler J. Woods, plaintiff has failed to show the entirety of such documents is confidential.[1] Specifically, plaintiff has failed to show why pages 1-13 of each such exhibit contain confidential matter, given that pages 1-13 address only the declarant's educational background and employment history, his understanding of the applicable law, a discussion of compact disc technology in general, and his understanding of terms in a publicly-filed patent. Accordingly, plaintiff is hereby ORDERED to file in the public record, no later than April 27, 2007, pages 1-13 of said exhibits. If plaintiff fails to timely file such non-confidential matter, the Court will strike pages 1-13 from said exhibits.

---

[1] Exhibit B to the Declaration of Walter G. Rudd is wholly duplicative of Exhibit 81 to the Declaration of Tyler J. Woods. Plaintiff fails to explain why it needs to file duplicative copies of the same document in support of its motion for summary judgment, particularly in light of plaintiff's having filed over 80 exhibits in support of such motion.

To the extent plaintiff's motion requests leave to file additional documents under seal, the Court hereby DEFERS ruling on said motion, as follows:

1. Plaintiff represents that it designated certain documents as confidential solely because such documents contain matter designated as confidential by defendants, specifically, plaintiff's Motion for Summary Judgment, and Exhibits 1, 8, and 75 to the Declaration of Aldo A. Badini. "A stipulation . . . will not suffice to allow the filing of documents under seal." Civil L.R. 79-5(a). Accordingly, the Court defers ruling on the motion to file such documents under seal until after April 25, 2007, the date by which defendants are required to submit a declaration establishing that such documents, either in their entirety or in part, are sealable. See Civil L.R. 79-5(d).

2. Plaintiff represents that Exhibits 2-5, 7, 11-15, 22, 25, 28-30, 32-38, 41-49, 52-53, 55, 57-62, 64, and 66-72 to the Declaration of Aldo A. Badini have been designated confidential by defendants.[2] The Court defers ruling on the motion to file such exhibits under seal until after April 25, 2007, the date by which defendants are required to submit a declaration establishing that such exhibits, either in their entirety or in part, are sealable. See Civil L.R. 79-5(d).

**IT IS SO ORDERED**.

Dated: April 25, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff has grouped these documents separately from the documents referenced in paragraph 1.

3