IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br><br> MEDIATEK, INC., et al., <br><br> Defendants <br><br> ――――――――――――――――― <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br><br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants <br> ――――――――――――――――― / | No. C 05-3148 MMC <br><br> **ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OF DOCUMENTS ON THIRD-PARTIES** |

Before the Court is plaintiff's "Unopposed Motion for Administrative Relief to File Documents Under Seal," filed April 20, 2007, by which motion plaintiff seeks leave to file under seal documents filed in connection with plaintiff's opposition to defendants' motion for summary judgment.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to

1  protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to
2  seek sealing only of sealable material." Id.
3       Having reviewed the Declaration of Keith P. Gray, filed April 20, 2007, the Court
4  finds good cause exists to GRANT the motion in part, specifically, to the extent it pertains to
5  the thirteen documents identified below. Accordingly, the Clerk is hereby DIRECTED to file
6  under seal unredacted versions of the following thirteen documents:
7       1. Exhibit 13 to the Declaration of Aldo A. Badini in Support of Matsushita's
8  Opposition to Defendants' Motion for Summary Judgment;
9       2. Exhibit 39 to the Declaration of Aldo A. Badini in Support of Matsushita's
10 Opposition to Defendants' Motion for Summary Judgment;
11      3. Exhibit 60 to the Declaration of Aldo A. Badini in Support of Matsushita's
12 Opposition to Defendants' Motion for Summary Judgment;
13      4. Exhibit 61 to the Declaration of Aldo A. Badini in Support of Matsushita's
14 Opposition to Defendants' Motion for Summary Judgment;
15      5. Exhibit 72 to the Declaration of Aldo A. Badini in Support of Matsushita's
16 Opposition to Defendants' Motion for Summary Judgment;
17      6. Exhibit 73 to the Declaration of Aldo A. Badini in Support of Matsushita's
18 Opposition to Defendants' Motion for Summary Judgment;
19      7. Exhibit 74 to the Declaration of Aldo A. Badini in Support of Matsushita's
20 Opposition to Defendants' Motion for Summary Judgment;
21      8. Exhibit 75 to the Declaration of Aldo A. Badini in Support of Matsushita's
22 Opposition to Defendants' Motion for Summary Judgment;
23      9. Exhibit 89 to the Declaration of Aldo A. Badini in Support of Matsushita's
24 Opposition to Defendants' Motion for Summary Judgment;
25      10. Exhibit 60 to the Declaration of Aldo A. Badini in Support of Matsushita's
26 Opposition to Defendants' Motion for Summary Judgment;
27      11. Declaration of Koichi Yoshida in Support of Matsushita's Opposition to
28 Defendants' Motion for Summary Judgment;

12. Exhibit A to the Declaration of Koichi Yoshida in Support of Matsushita's Opposition to Defendants' Motion for Summary Judgment; and

13. Exhibit B to the Declaration of Koichi Yoshida in Support of Matsushita's Opposition to Defendants' Motion for Summary Judgment.

To the extent plaintiff's motion requests leave to file additional documents under seal, the Court hereby DEFERS ruling on said motion, as follows:

1. To the extent plaintiff represents that it designated certain documents as confidential because such documents contain matter designated as confidential by defendants, or that certain documents have been designated as confidential by defendants, the Court defers ruling on the motion to file such documents under seal until after April 27, 2007, the date by which defendants are required to submit a declaration establishing that such documents, either in their entirety or in part, are sealable. See Civil L.R. 79-5(d).

2. To the extent plaintiff represents that certain documents have been designated as confidential by non-parties DLA Piper LLP, IBM or Microsoft, the Court defers ruling on the motion to afford said non-parties the opportunity to submit a declaration establishing why such documents, either in their entirety or in part, are sealable.[1]  Plaintiff, however, has failed to file proof of service of the instant motion on DLA Piper LLP, IBM, and Microsoft. Accordingly, plaintiff is hereby DIRECTED to file, no later than April 30, 2007, proof of service of the instant motion and this order on DLA Piper LLP, IBM, and Microsoft; if plaintiff fails to timely file such proof of service, the Court will strike from the record the documents assertedly designated as confidential by said non-parties. The Court will issue its ruling, with respect to documents assertedly designated as confidential by DLA Piper

---

[1] The Court declines to seal the entirety of any of said documents without a further showing by the designating party. Although portions of the subject documents, arguably, may contain information that is sealable, (see, e.g., Dickinson Decl. Ex. 3 ¶ 89), it is clear from a review of the documents that the vast majority thereof contain material that cannot be characterized as confidential, (see, e.g., id. Ex. 3 ¶ 44 (setting forth allegations made by defendant herein); Badini Decl. Ex. 18 (copy of opinion issued by administrative law judge from which material already has been redacted).)  A non-party may not designate the entirety of a document as confidential simply because such document contains some confidential matter.

1  LLP, IBM, or Microsoft, after at least five days have elapsed from the date of service on
2  said non-parties of the instant motion and this order.
3  **IT IS SO ORDERED**.

5  Dated: April 25, 2007

MAXINE M. CHESNEY
United States District Judge