IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br> MEDIATEK, INC., et al., <br><br> Defendants <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants <br> _____/ | No. C 05-3148 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFERRED PORTION OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; DIRECTIONS TO DEFENDANTS; DIRECTIONS TO PLAINTIFF** |

Before the Court is the Declaration of Eugene Chen, filed April 25, 2007, offered by defendants in support of the deferred portion of plaintiff's Motion for Administrative Relief to File Documents Under Seal, filed April 6, 2007.

Having reviewed the Declaration of Eugene Chen, the Court finds good cause exists to GRANT the deferred portion of plaintiff's motion in part, specifically, to the extent it pertains to the following documents: Plaintiff's Motion for Summary Judgment, and Exhibits

1-5, 7, 8, 11-15, 22, 25, 28-30, 36-38, 41-49, 52, 53, 55, 57-62, 64, 66-70, and 72 to the Declaration of Aldo A. Badini. Accordingly, the Clerk is hereby DIRECTED to file under seal unredacted versions of said documents.

With respect to two of the above-referenced documents, however, specifically, Exhibits 1 and 8 to the Declaration of Aldo A. Badini, defendants represent that only portions thereof are confidential and deny having designated the entirety of said exhibits as confidential. Accordingly, plaintiff is hereby DIRECTED to file in the public record, no later than May 7, 2007, a redacted version of Exhibit 1 and Exhibit 8; the redacted version shall consist of the portions of such exhibits that defendants, in the Declaration of Eugene Chen, have not identified as including defendants' confidential material. (See Chen Decl. ¶ 2(t), 2(v).) If plaintiff fails to timely file such redacted versions of Exhibits 1 and 8, the Court will strike from the record the portions of such exhibits not designated by defendants as confidential.

With respect to four of the above-referenced documents, specifically Exhibits 36-38 and 55 to the Declaration of Aldo A. Badini, defendants represent that said documents were designated, in the course of a proceeding before the International Trade Commission, as "containing confidential business information." (See id. ¶ 2(b).) Defendants have not represented that the entirety of said documents is confidential, however. Accordingly, defendants are DIRECTED, no later than May 7, 2007, to file in the public record redacted versions of said documents, in which the confidential information has been redacted, or, in the alternative, to file a supplemental declaration setting forth why the entirety of said documents is confidential. If defendants fail to timely file such redacted versions of Exhibits 36-38 and 55 or to file a supplemental declaration, the Court will direct the Clerk to file such exhibits in the public record.

Next, with respect to four additional documents as to which plaintiff seeks leave to file under seal, specifically, Exhibits 32-35 to the Declaration of Aldo A. Badini, plaintiff represents that defendants have designated said documents as confidential. Defendants have failed to offer a declaration setting forth why Exhibits 32-35 are confidential. The

Court notes, nonetheless, that plaintiff also represents that certain third parties have, in addition to defendants, designated said documents as confidential.  Plaintiff, however, has failed to file proof of service of the instant motion on the subject third parties, specifically, ASUSTek, ASUS Computer International, LiteOn IT, and TEAC America, Inc.  Accordingly, plaintiff is hereby DIRECTED to file, no later than May 7, 2007, proof of service on such third parties of (1) plaintiff's administrative motion and supporting declaration filed April 6, 2007, (2) copies of the redacted versions of Exhibits 32-35 that plaintiff seeks leave to file under seal,[1] (3) the Court's order of April 11, 2007, (4) the supplemental declaration of Keith P. Gray filed April 18, 2007, and (5) the instant order.  The Court will defer ruling on the request to file Exhibits 32-35 under seal, until a date no earlier than five days after plaintiff has served the above-referenced documents on the subject third-parties, to afford the third-parties the opportunity to establish why such documents, either in their entirety or in part, are sealable.

      Finally, with respect to the remaining documents as to which plaintiff seeks leave to file under seal, specifically, Exhibits 71 and 75 to the Declaration of Aldo A. Badini, the motion is DENIED.  Plaintiff has represented that such exhibits are confidential because they contain material designated as confidential by defendants.  Defendants have, however, consented to the filing of Exhibit 71 in the public record, (see id. ¶ 2(p)), and have denied having designating Exhibit 75, or any matter therein, as confidential, (see id. ¶ 2(u)).  Accordingly, the Clerk is DIRECTED to file Exhibits 71 and 75 to the Declaration of Aldo A. Badini in the public record.

      **IT IS SO ORDERED**.

Dated: May 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Because Plaintiff seeks leave to file redacted versions of said documents, the issue is whether those redacted versions should be filed under seal, not whether the material already redacted is confidential.