<div style="margin-left: 2em;">**United States District Court**
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br><br> MEDIATEK, INC., et al., <br><br> Defendants <br>_____ <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants <br>_____ / | No. C 05-3148 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFERRED PORTION OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO CLERK; DIRECTIONS TO DEFENDANTS** |

    Before the Court is the Declaration of Eugene Chen, filed April 27, 2007, offered by defendants in support of plaintiff's "Unopposed Motion for Administrative Relief to File Documents Under Seal," filed April 20, 2007.

    Having reviewed the Declaration of Eugene Chen, the Court finds good cause exists to GRANT the motion in part, specifically, to the extent it pertains to the following documents:

1. Matshushita's Opposition to Defendants' Motion for Summary Judgment;

2. Declaration of Chih-Kong Yang;

3. Declaration of Bradley W. Dickinson;[1]

4. Exhibits 2 and 6-10 to the Declaration of Bradley W. Dickinson;

5. Declaration of Martin Walker;

6. Exhibits C and D to the Declaration of Martin Walker; and

7. Exhibits 5, 7, 9-11, 21, 25-38, 40-42, 44-57, 63-67, 78-88, 90, 93-96, 100, 101, 103, and 106-08 to the Declaration of Aldo A. Badini.

Accordingly, the Clerk is hereby DIRECTED to file under seal unredacted versions of each of the above-identified documents.

With respect to twelve of the above-referenced documents, however, specifically, Exhibit 2 to the Declaration of Bradley W. Dickinson, and Exhibits 21, 42, 65, 78, 90, 94-96, 101, 106, and 107 to the Declaration of Aldo A. Badini, defendants represent that said documents contain confidential material, but fail to identify the confidential portions therein. Moreover, the Court's review of said documents indicates that at least portions, and in some instances substantial portions, of each such document plainly are not confidential. Accordingly, defendants are DIRECTED to file in the public record, no later than May 8, 2007, a redacted version of said twelve documents, from which only the confidential information has been deleted. If defendants fail to timely file a properly redacted version of said documents, the Court will direct the Clerk to file said document or documents in the public record.

With respect to additional documents as to which plaintiff seeks leave to file under seal, specifically, Exhibits 1 and 2 to the Declaration of Chih-Kong Yang, Exhibits 5, 11 and

---

[1] Defendants have submitted a redacted version of the Declaration of Bradley W. Dickinson, from which material designated by defendants as confidential has been deleted. Defendants did not file such redacted version in the public record because, as defendants point out, plaintiff represents that said declaration also includes matter designated as confidential by third-party IBM. The Court will defer directing defendants to file the redacted version in the public record until after such time as IBM has had sufficient opportunity to demonstrate whether said declaration includes additional confidential material.

12 to the Declaration of Bradley W. Dickinson, Exhibit B to the Declaration of Martin Walker, and Exhibits 62, 68, 69, 76, 98, and 105 to the Declaration of Aldo A. Badini, the motion is hereby DENIED, for the reason defendants, with respect to each such document, have withdrawn their designation of confidentiality, have stated their designation of confidentiality was erroneous, or have denied that the document contains any confidential matter. (See Chen Decl. ¶¶ 3-9.) Accordingly, the Clerk is DIRECTED to file said documents in the public record.

**IT IS SO ORDERED**.

Dated: May 2, 2007

_____
MAXINE M. CHESNEY
United States District Judge