IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br> v. <br> MEDIATEK, INC., et al., <br><br> Defendants <br><br> MEDIATEK, INC, <br><br> Counterclaimant, <br> v. <br> MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al. <br><br> Counterclaim Defendants | No. C 05-3148 MMC <br><br> **ORDER DEFERRING RULING ON PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO PLAINTIFF** |

Before the Court is plaintiff's "Unopposed Motion for Administrative Relief to File Documents Under Seal," filed May 4, 2007, by which plaintiff seeks leave to file under seal several documents offered in connection with plaintiff's reply in support in its motion for summary judgment.

Plaintiff represents that certain of the documents it seeks to file under seal have been designated as confidential by defendants, or by plaintiff solely because defendants

have designated material contained therein as confidential.  To the extent the motion pertains to such documents, the Court DEFERS ruling thereon until May 11, 2007.  See Civil L.R. 79-5(d).

Plaintiff also represents that one document it seeks to file under seal has been designated as confidential by third-party ASUSTek, and that other documents it seeks to file under seal contain material designated as confidential by third-parties, which third-parties plaintiff has failed to identify.  Plaintiff is hereby DIRECTED to file, no later than May 11, 2007, proof of service of the instant motion and this order on ASUSTek and on each third-party who has designated as confidential material contained in any document plaintiff seeks to file under seal.  Further, plaintiff is DIRECTED to file, no later than May 11, 2007, a supplemental declaration setting forth, as to each document plaintiff seeks leave to file under seal in light of a designation by a third-party, the identity of the designating third-party or third-parties.[1]  The Court will defer ruling on the motion, to the extent it is based on designations by third-parties, until a date no earlier than five days after plaintiff has served the above-referenced documents on the subject third-parties, to afford the third-parties the opportunity to establish why such documents, either in their entirety or in part, are sealable.

**IT IS SO ORDERED**.

Dated: May 8, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] If plaintiff fails to timely comply with either order, the instant motion will be denied, as it pertains to documents designated as confidential by third-parties, and the Clerk will follow the procedure set forth in Civil Local Rule 79-5(e) with respect to such documents.

2