IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.,<br><br>　　　　　Plaintiff,<br>　v.<br>MEDIATEK, INC., et al.,<br>　　　　　Defendants<br>_____<br><br>MEDIATEK, INC,<br>　　　　　Counterclaimant,<br>　v.<br>MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al.<br>　　　　　Counterclaim Defendants<br>_____/ | No. C 05-3148 MMC<br><br>**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS OF MARCH 13, 2007, MARCH 15, 2007, AND MARCH 30, 2007** |

　　　　Before the Court are plaintiff's objections, filed April 13, 2007, to the following orders issued by the Magistrate Judge:  (1) Order dated March 13, 2007, to the extent said order grants defendants' motion to compel plaintiff to produce documents and provide testimony pertaining to plaintiff's negotiations with Texas Instruments ("TI") as to the licensing of patents at issue herein; (2) Order dated March 15, 2007; and (3) Order dated March 30, 2007.  Defendants have filed opposition to the objections, to which plaintiff has replied.

1    Having fully considered the matter, the Court hereby DENIES the objection, for the reason plaintiff has failed to show the subject orders are clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A) (providing district court may reconsider magistrate's order where it has been shown to be clearly erroneous or contrary to law).

With respect to the scope of the documents that must be produced, however, and contrary to what plaintiff appears to suggest, the Court does not interpret the orders as requiring production of the entirety of the documents, irrespective of whether they pertain to the patents at issue herein.  Rather, because the Magistrate Judge found the subject documents are discoverable to the extent they contain statements pertaining to the negotiating parties' valuations of the patents at issue herein and/or statements bearing on the validity or invalidity of the patents at issue herein,[1] the Court interprets the orders as requiring production only of those portions of the documents that pertain to said issues.[2]

**IT IS SO ORDERED**.

Dated: May 25, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] As plaintiff points out, the Magistrate Judge did not explicitly state why the subject documents, if not privileged, are discoverable.  The Court finds the Magistrate Judge adopted the arguments made by defendants on said issue, specifically, the two bases identified above.  (See Badini Decl., filed April 13, 2007, Ex. 2 at 5.)  To the extent defendants, in their opposition to plaintiff's objections, make the additional argument that the documents are relevant on the issue of defendants' willfulness, the Court disagrees; defendants fail to demonstrate how statements made by plaintiff and/or TI during the subject negotiations, none of which were disclosed to defendants, have any bearing on defendants' state of mind.

[2] Plaintiff asserts the documents do not include statements as to the "economic value or applicable royalty of the patents-in-suit," (see Pl.'s Objections at 17:28 - 18:1), seemingly stating it has no documents to produce that pertain to the negotiating parties' valuations of the patents at issue herein.  The License Agreement, however, suggests to the contrary. (See Badini Decl. Ex. 8 ¶ 5.2)