IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.,<br><br>    Plaintiff,<br>  v.<br>MEDIATEK, INC., et al.,<br>    Defendants<br><br>MEDIATEK, INC,<br>    Counterclaimant,<br>  v.<br>MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al.<br>    Counterclaim Defendants | No. 05-3148 MMC<br><br>**ORDER GRANTING DEFENDANT MEDIATEK, INC.'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS AND FOR LIMITED EXPEDITED FACTUAL DISCOVERY** |

Before the Court is defendant/counterclaimant Mediatek, Inc.'s ("Mediatek") "Motion for Leave to Amend its Answer and Counterclaims and Motion for Limited Expedited Factual Discovery," filed April 19, 2007.  Plaintiff/counterclaimant Matsushita Electric Industrial Co. ("Matsushita") has filed opposition, to which Mediatek has replied.  Having considered the papers filed in support of and in opposition to the motion, the Court rules as

follows.[1]

"Leave to amend 'shall be freely given when justice so requires,' and this policy is to be applied with extreme liberality." <u>Morongo Band of Mission Indians v. Rose</u>, 893 F. 2d 1074, 1079 (9th Cir. 1990) (quoting Rule 15(a) of the Federal Rules of Civil Procedure). The factors to be considered in determining whether leave to amend is proper are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." <u>See</u> <u>DCD Programs, Ltd. v. Leighton</u>, 833 F. 3d 183, 186 (9th Cir. 1987).

In its motion, Mediatek seeks leave to allege an affirmative defense and a counterclaim based on inequitable conduct, specifically, Matsushita's asserted failure to disclose to the Patent and Trademark Office "material prior art - Matsushita's 3D0 console with adaptor and C-Cube video decoder chips - during the prosecution of the '475 Patent application and its parent application with the intent to deceive." (<u>See</u> Mediatek's Proposed Amended Answer to Complaint and Counterclaim ¶ 50; <u>see also id</u>. ¶¶ 65-70.)[2]

The Court finds Mediatek has not acted with undue delay in moving to amend, in light of its having obtained discovery relevant to the asserted new claim in early April 2007, within a few weeks of its filing the instant motion.[3] The Court further finds Matsushita would not be prejudiced by the amendment, because sufficient time exists before trial for Mediatek to complete the limited discovery it seeks with respect to the new claim.[4] Lastly, the Court finds Matsushita has not shown the proposed amendment would be futile; Matsushita neither challenges the manner in which the proposed amendment is pleaded, <u>see</u> <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F. 2d 209, 214 (9th Cir. 1988) (holding proposed amendment "futile" if proposed claim insufficient under Rule 12(b)(6)), nor makes a

---

[1] By order filed May 22, 2007, the Court vacated the scheduled May 25, 2007 hearing on the motion.

[2] The proposed amendment is Attachment A to Mediatek's motion for leave to amend.

[3] Matsushita does not assert Mediatek is acting in bad faith.

[4] Matsushita does not assert it needs to take discovery from Mediatek or any third-party with respect to the inequitable conduct claim.

sufficient showing that Mediatek, upon completion of discovery, will be unable to establish the claim on its merits, see <u>Johnson v. American Airlines, Inc.</u>, 834 F. 2d 721, 724 (9th Cir. 1987) (holding "futility," for purposes of leave to amend, "includes the inevitability of a claim's defeat on summary judgment").

Accordingly, the motion to amend will be granted.

Additionally, Mediatek's request for limited, expedited discovery will, for the reasons stated by Mediatek, be granted. In particular, Mediatek will be afforded leave to conduct limited discovery, as set forth below, to be completed by July 27, 2007.

**CONCLUSION**

For the reasons expressed, Mediatek's motion is hereby GRANTED, as follows:

1. Mediatek is afforded leave to file, no later than June 18, 2007, its proposed Amended Answer to Complaint and Counterclaim.

2. Mediatek is afforded leave to conduct the following discovery, to be completed by July 27, 2007: (1) ten requests for admission relating to the new claim of inequitable conduct; (2) a deposition of each named inventor, specifically, Nobuo Setoguchi and Akihiro Watabe, limited in scope to the new claim of inequitable conduct; and (3) a Matsushita corporate deposition pursuant to Rule 30(b)(6), limited in scope to the new claim of inequitable conduct.

**IT IS SO ORDERED.**

Dated: June 13, 2007

MAXINE M. CHESNEY
United States District Judge